

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-9-2006

# Rodgers v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4390

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rodgers v. Johnson" (2006). *2006 Decisions*. Paper 1466.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1466

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos: 04-4390, 05-2396, 05-3563

PATRICK RODGERS, ON HIS OWN BEHALF
AND ALL OTHER PERSONS SO SITUATED,

Appellant

v.

SYLVESTER JOHNSON, COMMISSIONER OF POLICE FOR
THE CITY OF PHILADELPHIA; CITY OF PHILADELPHIA, PA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 04-CV-4963
District Judge: The Honorable Lawrence F. Stengel

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 26, 2006

Before: RENDELL and SMITH, *Circuit Judges*,
and IRENAS, *District Judge*[*]

(Filed: March 9, 2006)

OPINION

SMITH, *Circuit Judge*.

---

[*]The Honorable Joseph E. Irenas, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

On October 22, 2004, Patrick Rodgers filed a civil rights action against Sylvester Johnson, the Philadelphia Commissioner of Police, and the City of Philadelphia. Rodgers alleged that, contrary to the requirements of Pennsylvania's Uniform Firearms Act of 1995, the City failed to provide him an application for renewal of his gun license sixty days before his license expired. *See* 18 Pa.C.S.A. § 6109(f)(2). Nonetheless, Rodgers attempted to renew his license to carry a firearm. He was informed by the employees of the City's police department, however, that he would have to submit to fingerprinting. Rodgers refused to do so. He filed this civil rights action, averring that his rights under the Fourth Amendment and Equal Protection Clause were being violated because the fingerprinting requirement, which was not contained in Pennsylvania's Uniform Firearms Act of 1995, was not imposed by any of the other counties in the Commonwealth of Pennsylvania.[1]

Rodgers's complaint was filed together with a motion for a preliminary injunction. The District Court denied the motion after conducting a hearing. Rodgers appealed that

---

[1]Rodgers also alleged that the City violated his constitutional rights by failing to comply with the requirement of the Pennsylvania's Uniform Firearms Act that it provide advance notice of the need to renew an expiring firearm license. The District Court dismissed this claim in an order dated June 23, 2005. Although Rodgers filed an appeal of that order, No. 05-3563, he did not brief the viability of this claim alleging a violation of the state statute. For that reason, we conclude that Rodgers has abandoned the issue and we will dismiss appeal number 05-3563. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court"); *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

order. Thereafter, the parties filed cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The District Court granted the motion for judgment on the pleadings filed by Commissioner Johnson and the City. Rodgers appealed, and this latter appeal was consolidated with his earlier appeal of the denial of his preliminary injunction.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331and 1343. We exercise appellate jurisdiction under 28 U.S.C. § 1291. Our review of a grant of a motion for judgment on the pleadings is plenary. *Wolf v. Ashcroft,* 297 F.3d 305, 307 (3d Cir. 2002). We must "view the facts in the complaint and any reasonable inference that can be drawn from them in favor of the non-moving party," affirming the dismissal only if no relief could be granted under any set of facts that could be proved. *Id.*

We agree with the District Court's analysis that Rodgers's equal protection claim fails because the fingerprinting requirement applies to any person applying for a gun permit in the City of Philadelphia. In other words, Rodgers has not asserted that he is being treated differently than other similarly situated persons who are applying for gun permits in the City of Philadelphia. *See City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Congregation Kol Ami v. Abington Township*, 309 F.3d 120, 136-37 (3d Cir. 2002) (instructing that equal protection analysis requires establishing that plaintiff is similarly situated to other persons, and that there was no rational reason for the differential treatment of similarly situated persons). As the District Court pointed out, the fact that the other sixty-six counties in Pennsylvania do not impose the

3

fingerprinting requirement does not make his claim viable because the "Equal Protection Clause relates to equality between persons as such, rather than between areas . . . ." *McGowan v. State of Maryland*, 366 U.S. 420, 427 (1961).[2]

Rodgers's Fourth Amendment claim fares no better. In *United States v. Dionisio*, 410 U.S. 1 (1973), the Supreme Court considered whether a subpoena to appear before a grand jury to provide a voice exemplar violated the Fourth Amendment. *Id.* at 8. The Court instructed that the inquiry was twofold. First, a court must determine if there was a seizure of the person. If so, the next inquiry was whether there was a search for and seizure of evidence. *Id.* The *Dionisio* Court concluded that the subpoena to appear before a grand jury did not constitute a seizure of the person even though it may have been "inconvenient or burdensome." *Id.* at 9. With respect to the voice exemplar, the Supreme Court compared it to fingerprinting, which "itself 'involves none of the probing into an individual's private life and thoughts that marks an interrogation or search.'" *Dionisio*, 410 U.S. at 15 (quoting *Davis v. Mississippi*, 394 U.S. 721, 727 (1969)). Thus, the voice exemplar was not a search or seizure of evidence for Fourth Amendment purposes. We find *Dionisio* instructive, and conclude that the request of civil authorities for fingerprinting as a condition of obtaining a firearm license constitutes neither a seizure of the person nor a search for evidence under the Fourth Amendment. *See*

_____

[2]We are by no means declaring as a general rule that so long as all residents of a county are treated similarly when a uniform state law is applied to them in a unique manner, there is no Equal Protection violation when that same law is administered differently elsewhere in the state.

*Dionisio*, 410 U.S. 1, 8-15 (1973); *Trade Waste Mgmt. Ass'n, Inc. v. Hughey*, 780 F.2d 221, 234 (1985) (rejecting argument that fingerprinting requirement to obtain hazardous waste license violated the Fourth Amendment).

Because a preliminary injunction requires a demonstration that the movant has a likelihood of success on the merits, *see Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000), and because we have concluded that Rodgers's pleadings failed to state a violation of either the Fourth Amendment or the Equal Protection Clause, the appeal of the preliminary injunction, by definition, becomes moot.

Accordingly, we will affirm the District Court's judgment in favor of Commissioner Johnson and the City of Philadelphia.